IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on briefs, February 14, 2006

## AHMED USSO and GENET AYELE v. BRYAN WINSTON

**Direct Appeal from the Chancery Court for Washington County**
**No. 36265     Hon. G. Richard Johnson, Chancellor**

_____

**No. E2005-01746-COA-R3-CV -  FILED MARCH 31, 2006**

_____

D. MICHAEL SWINEY, J., dissenting.

I must respectfully dissent from the majority's conclusion "that the plaintiffs acted in good faith and diligence, and are entitled to a refund of their earnest money." I agree fully with everything in the majority's opinion except this final conclusion.

As found by the majority, "[t]he evidence at trial preponderates that Elizabethton Federal did approve a 30 year loan for plaintiffs, subject only to getting a copy of another year's income tax return …." Despite plaintiffs' realtor telling them that she thought Elizabethton Federal might approve the loan and even offering to make the phone call herself and check on this loan, plaintiffs took no steps to determine the status of their loan application. I conclude that the plaintiffs' failure even to allow their realtor to call Elizabethton Federal to check on the status of their loan application, let alone make the call themselves, falls far short of their having acted in good faith and diligence. Had the plaintiffs acted in good faith and diligence by simply allowing their realtor to call Elizabethton Federal as she had volunteered to do and then furnish their tax return to Elizabethton Federal, the loan would have been approved. The plaintiffs' refusal even to allow their realtor to call to check on the status of the loan was not an act in good faith.

Respectfully, I dissent as I conclude that under the contract, the plaintiffs are not entitled to a refund of their earnest money.

_____
D. MICHAEL SWINEY, JUDGE